Requestor: Hon. Orin Lehman, Commissioner State of New York Office of Parks, Recreation and Historic Preservation Empire State Plaza Agency Building 1 Albany, New York 12228
Written by: Robert Abrams, Attorney General
You have requested our advice regarding the continued validity of a regulation of your agency regarding nudity at State parks as it relates to women who wish to go topless. Your inquiry is prompted by the recent Court of Appeals decision in People v Santorelli (sl opn, 7/7/92, #115).
The regulation in issue provides that on property under the jurisdiction of the Office of Parks, Recreation and Historic Preservation "[n]o person shall appear nude in public as defined in section 235.20(2) of the Penal Law * * *". 9 NYCRR § 375.1(q). Under section 235.20(2) "nudity" includes "the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple". Your counsel's office has informed us that your Office enforces the rule in question in accordance with procedures established in Parks, Recreation and Historic Preservation Law, Article 27. Park police and other police or peace officers may issue a uniform appearance ticket and simplified information. Parks, Recreation and Historic Preservation Law §§27.01, 27.03. Transgression of the rules is a violation punishable as provided in the Penal Law, but with a maxium fine of one hundred dollars.Id., § 27.11.
In Santorelli, the defendants were arrested for violating section245.01 of the Penal Law for baring "that portion of the breast which is below the top of the areola" in a Rochester public park. Defendants' conduct was apparently part of an effort to dramatize their opposition to the law. The Court decided that section 245.01, based on its legislative history was inapplicable to this conduct. The majority opinion followed a prior decision reasoning that section 245.01 "should not be applied to the noncommercial, perhaps accidental, and certainly not lewd, exposure alleged". People v Price, 33 N.Y.2d 831 (1973). In a concurring opinion, two judges found, on the record before the Court, section 245.01 as applied to be unconstitutional as a violation of equal protection standards. Thus, the Court of Appeals for the second time declined to apply the criminal statute, section 245.01 of the Penal Law, to non-commercial, non-lewd exposure of the female breast.
Both the majority and concurring opinions in Santorelli stated that section 245.01 of the Penal Law is discrimiinatory on its face in that it defines private or intimate parts of a woman's body but not a man's body as including a specific part of the breast. Santorelli,
Majority Opn, p 2, Concurring Opn, pp 2-3. When a statute explicity establishes a classification based on gender, the Court unanimously agreed that the State has the burden of showing that the classification is substantially related to the achievement of an important governmental objective. Santorelli, Majority Opn, p 2, Concurring Opn, p 6.
In Santorelli, the Court stated that there had been no attempt in that case to show "that the statute's discriminatory effect serves an important governmental interest or that the classification is based on a reasoned predicate". Santorelli, Majority Opn, p 2; see also, Concurring Opn, p 10. Thus, Santorelli does not automatically foreclose Parks' ability to regulate the non-commercial and non-lewd exposure of female breasts. Rather, what is required is first a showing that the State's regulatory objective is legitimate and important, followed by a showing that the requisite direct substantial relationship between objective and means is present. Both the majority and concurring opinions citedMississippi University for Women v Hogan, in which Justice O'Connor explained in delivering the opinion on the Court that "the purpose of requiring that close relationship [between objective and means] is to assure that the validity of a [gender-based] classification is determined through reasoned analysis rather than through the mechanical application of traditional, often inaccurate, assumptions about the proper roles of men and women". 458 U.S. 718, 725-26.
In light of the stringent standard of review for gender-based classifications set forth by the Court of Appeals in Santorelli, it seems unlikely that the Court would uphold an absolute prohibition by your Office of exposure of the female breast in all circumstances. We understand from conversations with your counsel that you are considering the designation of areas where women will be permitted to appear topless. In Santorelli, the concurring opinion notes that it had not been demonstrated that the fundamental goal of the statute could not "be equally well served by other alternatives". Santorelli, Concurring Opn, p 10.
Thus, while Santorelli would appear to signal the Court's unwillingness to uphold an absolute prohibition, it may not preclude an alternative such as designation of certain topless areas. As noted earlier, the Court would require a showing that an important governmental objective is being pursued and that the regulation is directly related to the achievement of that objective.